UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IEASHA R. WARFIELD, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:24-CV-375-HAB |
| LORI K. MORGAN, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff filed this action, pro se, alleging a broad conspiracy between and among nearly every participant in the Allen County, Indiana, criminal and family courts. (ECF No. 1). She also moves for leave to proceed *in forma pauperis*. (ECF No. 2).

The IFP motion first. Plaintiff has no income other than a monthly social security payment. She also reports that she has no assets. The Court finds that Plaintiff has demonstrated that paying the filing fee would result in the inability to provide for the necessities of life and GRANTS the motion to proceed IFP.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Plaintiff's complaint, with hundreds of pages of attachments, is incomprehensible. She accuses judges, prosecutors, attorneys, police officers, and private parties of committing, or conspiring to commit, murder, rape, theft, and stalking. She accuses them of being drug addicts and closeted homosexuals. It is hundreds of pages of fantastical allegations, personal grievances, and incomplete/run-on sentences. What it is not is a short and plain statement of a federal cause of action. It wholly fails to meet the requirements of *Iqbal* and will be dismissed.

The only remaining question is whether Plaintiff will be given the opportunity to replead. The Court generally grants pro se claimants at least one chance to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). The Court is mindful of the general procedure but sees no point in permitting Plaintiff to amend. There is no form of Plaintiff's screed that looks anything like a matter that is deserving of this Court's time and effort. No amendment will be allowed.

For these reasons, this matter is DISMISSED with prejudice.

SO ORDERED on September 16, 2024.

> s/ *Holly A. Brady*
> CHIEF JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT JUDGE